# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2914 | **DATE** | 8/2/2000 |
| **CASE TITLE** | Richard Androvic vs. Airport Group International | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court denies defendant's motion (Doc 2-1) to dismiss plaintiff's complaint, but dismisses this action for lack of subject matter jurisdiction and remands this action to the Circuit Court of Cook County. Ruling set for August 24, 2000 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 03 2000 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

ED-7 FILED FOR DOCKETING 00 AUG -2 PM 12: 09

Document Number: 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD ONDROVIC, )
)
　　　　　　Plaintiff, )
)
vs. ) 00 C 2914
)
AIRPORT GROUP INTERNATIONAL, )
a corporation, )
)
　　　　　　Defendant. )

DOCKETED
AUG 0 3 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court denies Defendant's motion, but dismisses Plaintiff's complaint and remands the action to the Circuit Court of Cook County.

### BACKGROUND

Plaintiff Richard Ondrovic ("Ondrovic") filed this action against Defendant Airport Group International ("AGI") as a result of his termination from his employment. For purposes of this motion, the Court is obligated to take as true the

following facts alleged in Plaintiff's complaint. In or about January 1988, AGI hired Ondrovic as an aviation fuel agent at O'Hare International Airport. Ondrovic filed four grievances during the time of his employment allegedly pursuant to the National Labor Relations Act. These grievances were filed on or about August 7, 1996, August 8, 1996, June 10, 1997, and August 27, 1997, and each alleged a violation of Article I, Section 4 of the "contract." On or about August 1, 1997, AGI fired Ondrovic.

As a result, Ondrovic filed this action in the Circuit Court of Cook County. Defendant AGI subsequently removed the action to federal court on the basis of federal question jurisdiction. Ondrovic's complaint generally alleges that Ondrovic was terminated without reasonable cause or justification and in retaliation for filing his grievances. In addition, Ondrovic claims that AGI violated Illinois public policy through its termination of Ondrovic. AGI presently moves to dismiss Ondrovic's complaint.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court

must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), cert. denied, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleading as exhibits are considered part of the pleadings for all purposes. See Fed. R. Civ. P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989), cert. denied, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). It is with these principles in mind that the Court evaluates the present motion.

## DISCUSSION

Defendant AGI moves to dismiss Ondrovic's complaint, alleging that his state law claims are preempted by §301 of the Labor Management Relations Act, 29 U.S.C. §185(a) (the "LMRA") and that this Court lacks subject matter jurisdiction

over Ondrovic's claims thereunder because he failed to exhaust his administrative remedies. AGI also argues that the NLRA's exclusive jurisdiction preempts Ondrovic's claim for wrongful termination, which should have been brought before the National Labor Relations Board. AGI asserts that Ondrovic's public policy claim fails to state a claim because it fails to allege a valid and recognized public policy violated by Ondrovic's termination.

After reviewing Plaintiff's complaint, it is clear that Plaintiff's claims are state law claims that do not implicate any federal questions over which this Court has jurisdiction. Ondrovic essentially alleges that he was wrongfully terminated in retaliation for filing grievances and in violation of Illinois Public Policy. These claims are not, as Defendant AGI argues, preempted by §301 of the LMRA as they do not require interpretation of the collective bargaining agreement (the "CBA"), nor is the source of Ondrovic's claims rooted in the NLRA. Section 301 of the LMRA governs claims based directly on rights created by collective bargaining agreements and claims "'substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987), quoting Electrical Workers v. Hechler, 481 U.S. 851, 859, n.3, 107 S.Ct. 2161, 2166-67, n.3, 95 L.Ed.2d 791 (1987). Ondrovic's claims simply do not depend on an analysis of the CBA and are not based on rights granted

by the NLRA. See Cessna v. City of Danville, 296 Ill. App. 3d 156, 166, 693 N.E.2d 1264, 1270-71, 230 Ill. Dec. 513 (4th Dist. 1998) (claims for retaliatory discharge are rooted in clearly mandated public policy of Illinois and exist regardless of any interpretation of a labor contract), citing Gonzalez v. Prestress Engineering Corp., 115 Ill.2d 1, 11-12, 104 Ill. Dec. 751, 756, 503 N.E.2d 308, 313 (1986). Rather, Ondrovic claims state law violations of wrongful discharge in retaliation for filing grievances and in violation of Illinois public policy. Ondrovic's claims are state law claims over which this Court does not independently have jurisdiction.

The Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction under the LMRA and the NLRA. However, because there exists no federal question jurisdiction to support the removal of this action to federal district court, the Court remands this case to the Circuit Court of Cook County.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss Plaintiff's complaint, but dismisses this action for lack of subject matter jurisdiction and remands this action to the Circuit Court of Cook County.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __August 2, 2000__